Weygandt, C. J.
The first of the defendant’s contentions is that the judgment should be reversed because the trial court erroneously excluded a certified *522 copy of the official certificate relating to the decedent’s death.
His claimed injury occurred while he was moving heavy boxes of paper from an elevator. “He lifted one of them. It just sort of got out of his control, and just off balance, and he twisted himself.” He was seen to hold his right upper abdomen at approximately the belt line. He complained and was restless and short of breath after he reached home that evening. However, he returned to his work the following day and continued his employment regularly there and elsewhere for two years except that in 1946 he spent one week in a hospital for surgery. Several days before his death his wife returned home from a visit and found him ill in bed. He was pale and vomiting. He was removed to a hospital where he died at the age of 64 years.
At the trial the defendant proffered the official death certificate signed by the decedent’s attending physician. It was excluded on the ground that, since it was signed by the attending physician, it was a privileged communication and, inadmissible under the provisions of Section 11494, General Code (Section 2317.02, Revised Code), which abrogates the common law and reads in part:
“The following persons shall not testify in certain respects:
“1. An attorney, concerning a communication made to him by his client in that relation, or his advice to his client; or a physician, concerning a communication made to him by his patient in that relation, or his advice to his patient.”
The defendant relies on the provisions of Section 1261-66, General Code (Section 3705.05, Revised Code), which in part read:
“The director of health, or person authorized by him, shall upon request and upon the payment of a fee of fifty cents supply to any applicant a certified copy *523 of the original certificate of any birth, death, or stillbirth, registered according to law.- Snch certified copy of snch original certificate of birth, death or stillbirth shall be prima facie evidence in all courts and places of the facts therein stated.”
Included in the certificate is the information:
“Immediate cause of death coronary sclerosis. Duration ? Due to food poisoning. Duration 7 days. Cause undetermined.”
The plaintiff contends also that these statements are expressions of opinion and not of fact, as provided by the statute.
An examination of the certificate discloses that some of the statements are factual and others opinion. The record discloses, too, that the defendant was willing to exclude the opinion and introduce the factual part alone.
Was the factual part admissible under the statute relating to death certificates? Counsel agree that the precise question has not been decided by this court.
The state of Utah has a similar statute, and in the opinion in the case of Bozicevich v. Kenilworth Mercantile Co., 58 Utah, 458, 199 P., 406, 17 A. L. R., 346, the reasoning was as follows:
“* * * When death has overtaken the patient, however, and it becomes necessary for the public good that the cause of his death be made known, and that a public record may be made thereof, then the privilege, to that extent, if it ever existed as against such a certificate, must yield to the public good. In the case at bar the Legislature has therefore not encroached upon any vested right of the plaintiff, and has in no way taken anything from Mm. Moreover, in this case the very purpose of plaintiff’s complaint is to make known what caused the death of his child. The only difficulty seems to be that the plaintiff desires to establish a particular cause of death. If, however, the cause of the death of Ms cMld had not already been made a matter of *524 record, the plaintiff, in bringing this action, is making it as public as it can be made in an ordinary lawsuit. True, he is not satisfied with the cause of death as stated in the physician’s certificate, and, as a matter of law, he is not bound to be. In view, however, that in the public interest the cause of his child’s death has been made a matter of public record and such record has been declared to be prima facie evidence respecting the cause of death, the plaintiff is as much bound by the record and by the statements contained therein as any other member of the public who may be interested, either directly or indirectly, in the cause of his child’s death. In view of the common-law rule before referred to, and in view of the statute, which is merely a matter of police regulation the wisdom of which is not a judicial question, we can see no escape from the conclusion that the death certificate produced by the defendant in this case was admissible as prima facie evidence of the facts therein stated. When it is kept in mind that no one longer questions the right of the Legislature to declare the facts recited in tax deeds, in tax records, in the state engineer’s certificates respecting water locations, and in records respecting the defective condition of mines, when made a matter of public record, as prima facie evidence of the facts therein recited, it seems almost like an attempt to overthrow long and well-established rules to now hold that under a statute like ours certified copies of death certificates may not be considered as prima facie evidence of the facts therein stated. To that effect is also the great weight of authority.”
In view of the fact that of the two Ohio statutes the one relating to death certificates is the more recent and since the latter is specific while the older statute is merely general, the specific and more recent enactment must prevail.
The plaintiff relies on the decision in the case of Carson v. Metropolitan Life Ins. Co., 156 Ohio St., 104, *525 100 N. E. (2d), 197, 28 A. L. R. (2d), 344, in which this court held a certain coroner’s death certificate inadmissible. However, the two cases are readily distinguishable on the facts. In that case the exclusion was required on the ground that the proferred statement was merely an expression of opinion by the coroner that the decedent committed suicide, since no one witnessed the killing. In the instant case the statement was signed by the attending physician, Dr. Carson, who had personal knowledge of the fact of the cause of death. It was prejudicial error to exclude the factual part of the certificate.
The defendant’s second contention is that the trial court was in error in excluding a duly authenticated hospital record containing the following information:
“Chief complaint: Date and mode of onset, probable cause, course: Some time over a week ago patient was treated for a severe cold. After this was cleared up the patient — who was getting his own food as his wife was away, ate a raw hamburg sandwich. A very short time after this he began to have severe abdominal pain with very severe vomiting. When Dr. Carson saw him his pulse was beginning to weaken and hospitalization advised immediately. ’ ’
The objection to the admission of this record was likewise based on the provisions of Section 11494, General Code, supra, relating to privileged communications. It is contended that the record was made from statements made by the decedent to Dr. Carson, the attending physician. However, one conclusive answer to this is that a search of the entire record discloses no evidence that the hospital record was so made. Hence, under the provisions of Section 12102-23, General Code (Section 2317.40, Revised Code), it was prejudicial error to exclude the factual statements contained therein.
The defendant complains of further errors, but the foregoing views render further comment unnecessary.
*526 The judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for a retrial.

Judgment reversed.

Middleton, Tapt, Hart, Zimmerman, Stewart and Lamneck, JJ., concur.